**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JILBERT MANSOURI,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>　　　　　　Respondent. | No.　17-72645<br><br>Agency No. A097-093-324<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before:　CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Jilbert Mansouri, a native and citizen of Iran, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the harm Mansouri suffered did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner failed to establish past persecution where he was beaten and robbed on two occasions and accosted by a mob). Substantial evidence also supports the BIA's finding that Mansouri did not establish a well-founded fear of future persecution. *See id.* at 1060 (objective risk is established by a "'reasonable possibility' that [petitioner] will be 'singled out individually for persecution'"). Thus, his asylum claim fails.

In this case, Mansouri failed to establish eligibility for asylum, therefore, he did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190. Thus, his withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Mansouri failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Iranian government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

17-72645

**PETITION FOR REVIEW DENIED.**